**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANET HAWTHORNE BURNETT,

    Plaintiff,

vs.                                            CASE NO. 3:09-cv-1096-J-12HTS

MICHAEL D. HAWTHORNE and
KIMBERLY J. HAWTHORNE,

    Defendants.

_____

**O R D E R**[1]

This cause is before the Court on Plaintiff's Motion to Strike Answer and Affirmative Defenses (Doc. #8; Motion). The Motion is opposed in part. *See* Defendants' Response to Motion to Strike Answer and Affirmative Defenses (Doc. #14; Opposition).

Ms. Burnett brought this suit against her son and daughter-in-law, *see* Complaint (Doc. #2; Complaint), alleging the deed to 89 Westfield Lane, Palm Coast, Florida, "purported to have been made and executed by Burnett on February 29, 2008, to Michael Hawthorne . . . is void or voidable . . . because of mistake, undue influence and/or fraud." Complaint at 2-3. She claims, among other things, that her son "procured for himself the deed to her homestead *inter*

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

*vivos* contrary to her intent, to her estate plan and to the exclusion of her other heirs named in her trust." *Id.* at 16.

According to Plaintiff, "paragraph 1 of defendants' answer" should be stricken "on the ground it violates the pleading requirements set forth in Fed.R.Civ.P. 8(b)." Motion at 1. Additionally, Ms. "Burnett moves to strike defendants' first, second, third, fourth, fifth, sixth, seventh, eighth, twelfth, thirteenth and fifteenth affirmative defenses on the grounds that these defenses are insufficient and/or redundant." *Id.* at 2. "Morever," she asserts "defenses 1 through 5 are not true affirmative defense[s], which require confession and avoidance." *Id.* "Burnett also moves to strike the letter defendants' gratuitously attached to their answer on the ground it is immaterial or . . . . constitutes a mere denial of allegations[.]" *Id.* at 15.

Defendants concur the first paragraph of their Answer to Plaintiff's Complaint (Doc. #3; Answer), a "general denial of all the allegations of the complaint[,] was not in compliance with the Federal Rules of Civil Procedure. Therefore," they ask permission to amend this portion of the Answer. Opposition at 1. "Defendants contend[,]" however, "that the affirmative defenses are properly pled and should not be stricken by this Court." *Id.*

> Pursuant to Rule 12(f), Federal Rules of Civil Procedure, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. However, a motion to strike is a

- 2 -

> drastic remedy, which is disfavored by the courts. A
> court will not exercise its discretion under the rule to
> strike a pleading unless the matter sought to be omitted
> has no possible relationship to the controversy, may
> confuse the issues, or otherwise prejudice a party.

*Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 1139572, at *1 (M.D. Fla. Apr. 27, 2009) (internal quotation marks, bracketing, and citations omitted); *cf. 126th Ave. Landfill, Inc. v. Pinellas County, Fla.*, No. 8:09-cv-307-T-33TBM, 2009 WL 1544030, at *2 (M.D. Fla. June 3, 2009).

Defendants' first five affirmative defenses allege the Complaint fails in various ways to state a cause of action. *See* Answer at 1-2. While the Court could conceivably use its discretion to strike these defenses, such action does not appear to be necessary in the present case. *Cf. Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009) (treating the statement "Plaintiff's Complaint fails to state claims for which relief may be granted" as a denial instead of striking it (internal quotation marks omitted)); *Goodbys Creek, LLC,* 2009 WL 1139572, at *1 (deciding not to strike an allegation that "Count VII . . . fails to state a claim upon which relief can be granted pursuant to Florida law" (internal quotation marks omitted)).

Movant asserts Defendants' "sixth affirmative defense is redundant[.]" Motion at 15. However, "[i]t is the generally accepted view that a motion to strike for redundancy ought not to

be granted in the absence of a clear showing of prejudice to the movant[,]" *Manhattan Const. Co. v. McArthur Elec., Inc.*, No. 1:06-cv-1512-WSD, 2007 WL 295535, at *6 (N.D. Ga. Jan. 30, 2007) (internal quotation marks omitted); *cf. American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2001 WL 1180469, at *3 (W.D. Va. Oct. 3, 2001), and no such showing has been made.

It is claimed the sixth through eighth affirmative defenses should be stricken since they "merely den[y] facts alleged in [the] complaint." Motion at 14, 16-17. "To the extent defenses amount to denials, the proper remedy is not to strike the claims, but instead to treat them as . . . specific denials." *Goodbys Creek, LLC*, 2009 WL 1139572, at *3 (internal quotation marks and bracketing omitted); *see also Hansen*, 2009 WL 3790447, at *2.

Movant also argues the seventh and eighth defenses fail to allege all the elements of waiver and estoppel. Motion at 16-17. Similarly, she contends the twelfth and thirteenth do "not allege set-off or any of the elements thereof," *id.* at 18, whereas the fifteenth "is a mere conclusion of law and fails to allege the elements of laches." *Id.* at 19. The challenged defenses do, though, seem to "give notice as to the nature of the defenses asserted." *Goodbys Creek, LLC*, 2009 WL 1139572, at *2. While the twelfth and thirteenth defenses, according to Ms. Burnett, are improper in that they "affirmatively seek[] monetary relief[,]" Motion at 18, Defendants appear to confirm that each "is a set-off

defense." Opposition at 11-12. However, as an amended answer must be filed in any event to rectify the deficiencies of the Answer's first paragraph, to the extent Defendants intend their twelfth and/or thirteenth defenses to express an affirmative entitlement to relief they shall denominate them as counterclaims.

Concerning the letter attached to the Answer as Exhibit "A[,]" the Court notes its being "a mere denial[,]" Motion at 15, would not be enough to demonstrate a need to strike it. Additionally, if Movant intends to suggest the document bears no possible relationship to the controversy, this contention is not persuasive. Defendants explain this "is a letter from Plaintiff to Defendant Michael Hawthorne regarding the subject property." Opposition at 7. And the seventh affirmative defense presented makes direct reference to it, stating an agreement expressed therein was a confirmation of an earlier contract through which "Plaintiff waived any cause of action arising out of the February 29, 2008, execution of the warranty deed[.]" Answer at 2; *see also id.* at 3. The Court's perusal of the writing fails to convince it such is unrelated to the instant controversy. Thus, it will not be stricken or prohibited from being attached to the amended answer.

In accordance with the foregoing, the Motion (Doc. #8) is **GRANTED** to the extent Defendants shall, within fourteen (14) days

from the date of this Order, file an amended answer consistent with the discussion herein.  Otherwise, it is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of January, 2010.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record and
     pro se parties, if any